SHAW, Justice
(concurring specially).
The parental rights of the petitioner, C.E., were terminated as to his child. C.E. appealed to the Court of Civil Appeals, which unanimously affirmed the trial court’s order without an opinion. Ex parte C.E. (No. 2130591, December 5, 2014), — So.3d - (Ala.Civ.App.2014) (table). C.E. has petitioned for certiorari review, which this Court today denies.
I concur to deny the petition, because I do not believe that it demonstrates any probability of merit. See Rule 39(f), Ala. R.App. P. C.E. argues in his petition that there existed a viable alternative to the termination of his parental rights, namely, that the child could be placed with the child’s uncle (C.E.’s brother). However, the existence of an alternative placement, in itself, does not necessarily foreclose the termination of parental rights. As the Court of Civil Appeals has illustrated:
“The mother’s argument is based on the premise that, if any viable placement alternative exists, a juvenile court may not terminate parental rights. We have recently rejected that premise in a case involving a termination of parental rights under former Ala.Code 1975, § 26-18-7. A.E.T. v. Limestone County Dep’t of Human Res., 49 So.3d 1212, 1216 (Ala.Civ.App.2010). In A.E.T., we adopted the rationale expressed by then Judge Murdock in the main opinion in D.M.P. v. State Department of Human Resources, 871 So.2d 77, 94 (Ala.Civ.App.2003) (plurality opinion), that ‘the existence of a viable alternative was'not an absolute bar to termination of parental rights in cases in which the parent was shown to be “irremediably unfit.” ’ A.E.T., 49 So.3d at 1217. We explained that ‘the existence of [a relative] as a potentially viable placement alternative would not, in and of itself, prevent the juvenile court from terminating [a parent’s] parental rights, if reunification of the [parent] and the child were no longer a foreseeable alternative.’ Id. at 1217.
“Relying on the explanation of the purpose of a viable alternative by then Judge Murdock in D.M.P., we held that a viable placement alternative is to be considered under circumstances where continued efforts are to be made to rehabilitate the parent and to reunite the family. Id. at 82. However, we farther held that the duty to consider those alternatives cannot bar termination of parental rights once it is determined that rehabilitation of the parent and reu *200 nification of the family is not likely in the foreseeable future. Id. at 94.”
A.F. v. Madison Cnty. Dep’t of Human Res., 58 So.3d 205, 214 (Ala.Civ.App.2010). C.E. makes no attempt to show or to argue that he could be rehabilitated, that he was not “irremediably unfit,” or that his reunification with the child was ever possible. Under AF., even if the uncle was a placement alternative, the petition does not demonstrate that that fact barred the termination of C.E.’s parental rights.
That stated, the petition does not show any probability of merit in the argument that the uncle was indeed a viable placement alternative. Specifically, the evidence tended to show that the uncle had had very limited prior contact with the child, that he had had several previous criminal charges and convictions, and that there were allegations of prior child abuse and domestic violence on his part. Further, the Department of Human Resources conducted a home study and did not approve the uncle as a relative placement.
“In reviewing a decision of the trial court, an appellate court is not permitted to reweigh the evidence, because weighing the evidence is solely a function of the trier of fact. However, it is the function of the appellate court to ascertain that the trial court’s findings of fact are supported by substantial evidence with due regard to, and respect for, the appropriate level of evidentiary proof required.... ”
Ex parte McInish, 47 So.3d 767, 778 (Ala.2008). It was the role of the trial court to weigh the testimony and the evidence:. It could reject the testimony it found lacking in credibility and accept the testimony and evidence that would ultimately support its determination that the uncle was not a viable alternative placement. This Court could not, on appeal, reweigh the evidence. Thus, I see no need to grant the petition to further review the issue.